IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff,<br><br>v.<br><br>JOSEPH ISAAC,<br>　　　Defendant. | )<br>)<br>)　　No. 23 CR 20050-DDC<br>)<br>)<br>)<br>)<br>) |

**JOSEPH ISAAC'S RESPONSE TO GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE EVIDENCE PURSUANT TO
<u>FEDERAL RULE OF EVIDENCE 404(B) AND MOTION <i>IN LIMINE</i></u>**

NOW COMES Defendant, JOSEPH ISAAC, through his attorneys, QUINN A. MICHAELIS, BARRY R. GRISSOM, CONNER MITCHELL and JAKE MILLER, and respectfully submits the following Response to the Government's Notice Of Intent To Introduce Evidence Pursuant To Federal Rule Of Evidence 404(B) And Motion *In Limine* (Dkt. 77), and respectfully requests the proffered evidence be excluded from use at trial.

<u>Introduction</u>

The government seeks to introduce cherry-picked social media posts spanning two years before the events of October 19, 2022. The government argues that such evidence is necessary to demonstrate a coherent narrative at trial. The government fails to explain how this evidence is direct evidence of any material fact, and is not being used for impermissible propensity purposes. At the end of the day, the government must prove whether Mr. Isaac possessed specific firearms on one specific

1

date, not whether Mr. Isaac possessed other alleged firearms at any point during a two year period leading up to October 19, 2022.

The Proffered Evidence is Offered for an Impermissible Purpose.

Rule 404(b) prohibits the introduction of evidence of other crimes or wrongs to show action in conformity therewith. Rule 404(b) admissibility is a permissive standard and "if the other act evidence is relevant and tends to prove a material fact other than the defendant's criminal disposition, it is offered for a proper purpose under Rule 404(b) and may be excluded only under Rule 403." *United States v. Parker,* 553 F.3d 1309, 1314 (10th Cir.2009) Moreover, "[t]here must be a clear and logical connection between the alleged earlier offense or misconduct and the case being tried." *United States v. Biswell,* 700 F.2d at 1317-18 (10th Cir. 1983).

The Tenth Circuit has previously recognized the probative value of uncharged acts to show motive, intent, and knowledge, whether the acts involved previous conduct or conduct subsequent to the charged offense, as long as the uncharged acts are similar to the charged crime and sufficiently close in time. *See United States v. Olivo,* 80 F.3d 1466, 1468-69 (10th Cir.1996); *United States v. Bonnett,* 877 F.2d 1450, 1461 (10th Cir.1989).

Here, Mr. Isaac is charged with possession of specific firearms on one particular date: October 19, 2022. The government offers no explanation for how social media posts even from early September of 2022 demonstrate motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or

accident to possess firearms on October 19, 2022. Mr. Isaac is not presenting a defense raising his lack of knowledge that these items recovered on October 19, 2022 were firearms. In fact, with respect to the machine gun offense, the government need not prove that Mr. Isaac knew the firearm he is accused of possessing was a machine gun, thus negating the need to introduce social media posts related to the possession of switches.

The government's sole argument is that the proffered evidence is necessary to "complete the narrative" of the possession on October 19, 2022. The government does not allege that the firearms in the social media posts are the *same* firearms as the ones Mr. Isaac is charged with possessing on October 19, 2022, nor does the government demonstrate how any of these posts proves a material fact of the case other than that on October 19, 2022, Mr. Isaac acted in conformity with previous social media posts depicting him allegedly possessing firearms on other dates. There is no additional context needed to understand the events of October 19, 2022-the jury will be asked to decide whether the government has proven, beyond a reasonable doubt, that Mr. Isaac possessed the charged firearms on that date, and that date only. The only reason the government seeks to introduce evidence of alleged gun possession on any other day is solely to convince the jury that Mr. Isaac possessed firearms previously, and therefore must have possessed firearms on October 19, 2022. In fact, that is exactly the government's argument: that Mr. Isaac "consistently possessed firearms, including machine guns, and there was no appreciable break in the defendant's illegal conduct." (*Government's Notice of Intent to Introduce Evidence*

3

*Pursuant to Federal Rule of Evidence 404(b) and Motion in Limine*, Doc. 77, at 13). In other words, because he did it before, he must have done it on October 19, 2022. That is exactly the propensity inference Rule 404(b) forbids.

The Evidence is not Relevant.

Under Rule 403, a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The government seeks to introduce 32 separate instances of alleged previous possessions of firearms. That evidence is clearly needlessly cumulative. Most importantly however, a number of the posts the government proffers do not show Mr. Isaac in actual possession of firearms. The government describes many of the posts as Mr. Isaac posing with alleged firearms in front of him or on the floor near him (for instance, proffered posts of 5/22/21, 1/15/22, 4/16/22, 8/30/22). Other posts describe that Mr. Isaac is wearing a face covering (2/4/22, 9/7/22). Admitting these posts will result in a series of mini-trials forcing Mr. Isaac to defend himself against 32 separate instances of alleged gun possession on separate occasions and confusing the jury. This is particularly necessary because these social media accounts are associated with Mr. Isaac's professional personal as a recording artist and depict music videos or other promotional materials. The danger of prejudice to Mr. Isaac is overwhelming.

Adding to this confusion is the government's description of the 9/29/22 proffered post. Presumably the government intends to also proffer evidence that one of the vehicles depicted in the post engaged in fleeing and eluding, and that the license plate on that car was reported stolen. This proffered post would further confuse the jury by introducing additional uncharged offenses, and cause the jury to speculate that Mr. Isaac engaged in additional uncharged illegal conduct. The danger of unfair prejudice to Mr. Isaac is overwhelming. After hearing all of this evidence, there is significant danger that the jury could determine Mr. Isaac's guilt or innocence based on these social media posts and not on the events of October 19, 2022.

### The Proffered Evidence is not Direct Evidence of the Charged Offense.

Evidence of other bad acts may be extrinsic or intrinsic depending on its relationship to the charged offense. Intrinsic evidence encompasses conduct inextricably intertwined with the charged crime such that a witness's testimony would have been confusing and incomplete without mention of the prior act." *United States v. Ford,* 613 F.3d 1263, 1267 (10th Cir. 2010) (quoting *United States v. Johnson,* 42 F.3d 1312, 1316 (10th Cir. 1994)).

In *Ford*, for example, at a trial for multiple counts of illegal firearm possession, including illegal possession by a fugitive, the government introduced the inextricably intertwined evidence that the defendant had previously escaped from prison. The court found the escape from prison was inextricably intertwined with the defendant's

status as a fugitive, and the course of illegal conduct he engaged in after the escape. *Ford*, 613 F.3d at 1266. Mr. Isaac's case requires no such contextualization.

The only method the Court should apply in consideration of this evidence, is whether it is admissible under Rule 404(b). *See United States v. Cureton*, 739 F.3d 1032, 1037 (7th Cir. 2014) ([i]f evidence is not direct evidence of the crime itself, it is usually propensity evidence simply disguised as inextricable intertwinement evidence, and is therefore improper, at least if not admitted under the constraints of Rule 404(b)).

Conclusion

Mr. Isaac respectfully requests that the government be prohibited from introducing the proffered Rule 404(b) evidence at trial.

Respectfully Submitted,

/s/ Quinn A. Michaelis
Quinn A. Michaelis
Appearing *Pro Hac Vice*
73 W. Monroe, Suite 106
Chicago, IL 60601
312-714-6920

/s/ Conner Mitchell
Barry R. Grissom, KS #10866
Conner Mitchell, D. Kan. #79215
Jake Miller, D. Kan. #78954
1600 Genessee Street, Ste. 460
Kansas City, MO 64102
T – 816-336-1213
F – 816-384-1623
barry@grissommiller.com

6

                                                        cam@grissommiller.com
                                                        jake@grissommiller.com

                                                  *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2025, I electronically filed the above with the Clerk of Court using the CM/ECF system, providing notice to all listed parties in the case.

                                                        /s/ Conner Mitchell