IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,    )
       Plaintiff,         )
                          )     No. 23 CR 20050-DDC
v.                     )
                          )
JOSEPH ISAAC,          )
       Defendant.      )

**JOSEPH ISAAC'S OBJECTION TO GOVERNMENT'S NOTICE OF INTENT TO
USE CERTIFIED COPIES OF RECORDS**

NOW COMES Defendant, JOSEPH ISAAC, through his attorneys, QUINN A. MICHAELIS, BARRY R. GRISSOM, CONNER MITCHELL and JAKE MILLER, and respectfully submits the following Response to the Government's Notice Of Intent To Use Certified Copies of Records (Dkt. 77), and respectfully requests the proffered evidence be excluded from use at trial.

1. The Government provided notice to Mr. Isaac that it intends to introduce Facebook and Instagram records pursuant to Rules 803(6) and 902(11) of the Federal Rules of Criminal Procedure. The government contends that the social media records previously disclosed to Mr. Isaac are self-authenticating records of regularly conducted activity under Rule 902(11) and therefore fall under the Business Records hearsay rule under Rule 803(6). As such, the records' authenticity may be demonstrated by way of a certificate from the custodian of records. Rule 902(11).

2. Mr. Isaac objects to the use of any item of evidence from any Facebook or Instagram social media account or post unless the Government can authenticate the evidence under Federal Rule of Evidence 901 by sufficient proof to show that the item

is what it purports to be, namely a social media post made by Mr. Isaac. Before any

item from a Facebook post is admitted into evidence, Mr. Isaac respectfully requests

that the Government be required to prove by a preponderance of the evidence that

Mr. Isaac was the individual who was responsible for posting the item to the Facebook

account.

3. Courts which have confronted the issue have consistently concluded that

Facebook posts are not self-authenticating through use of an affidavit that the post

was a business record, as set out in section 902(11) of Federal Rules of Evidence. See,

e.g, *United States v. Browne*, 834 F.3d 403, 410 (3rd Cir. 2016), *United States v.*

*Vayner*, 769 F.3d 125, 132.   Because of the relative ease in creating a false Facebook

account or the simplicity of accessing a legitimate account by an impostor, in order to

authenticate a Facebook post these courts have uniformly held that the Government

must prove that any Facebook post or message attributed to the defendant was, in

fact, created or posted to the social media account by the defendant. *United States v.*

*Browne*, supra, 834 F.3d at 412-413 (the Government must produce sufficient

evidence to show that the defendant created the page, wrote the message or posted

the disputed item); *United States v. Vayner*, 769 F.3d at 132 (a social media post is

not authenticated where the government only showed that the webpage existed and

not that it belonged to the defendant); *United States v. Simpson*, 152 F.3d 1241, 1249

(10th Cir. 1998). More than a name and a photograph are required to authenticate a

Facebook post because the fact that the account exists does no more to authenticate

the post "than a postal receipt would . . . attest to the accuracy and reliability of the contents of an enclosed letter." *United States v. Browne*, 834 F.3d at 411.

4. The Government should be prevented from introducing into evidence any item from a Facebook or Instagram social media account unless it presents sufficient evidence under Rules 104 and 902 of the Federal Rules of Evidence to show that Mr. Isaac authored the message on a social media account purportedly belonging to him. See, e.g., *United States v. Browne*, 834 F.3d at 410.

WHEREFORE, for all of the foregoing reasons Defendant Joseph Isaac respectfully requests that this Honorable Court prevent the admission of any item of evidence purporting to be a post to a Facebook or Instagram social media account unless that evidence is properly authenticated under Rules 104 and 901 of the Federal Rules of Evidence.

Respectfully Submitted,

/s/ Quinn A. Michaelis
Quinn A. Michaelis
Appearing *Pro Hac Vice*
73 W. Monroe, Suite 106
Chicago, IL 60601
312-714-6920

/s/ Conner Mitchell
Barry R. Grissom, KS #10866
Conner Mitchell, D. Kan. #79215
Jake Miller, D. Kan. #78954
1600 Genessee Street, Ste. 460
Kansas City, MO 64102
T – 816-336-1213
F – 816-384-1623
barry@grissommiller.com
cam@grissommiller.com
jake@grissommiller.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2025, I electronically filed the above with the Clerk of Court using the CM/ECF system, providing notice to all listed parties in the case.

/s/ Conner Mitchell